**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| Michael P. Chiras and Stephanie N. Chiras, ) | Case No. 18-80387 |
| ) | |
| Debtors. ) | Chapter 7 |
| ) | |
| ) | |
| A & B Auto Body Supply, Inc., ) | Hon. Thomas L. Perkins |
| ) | |
| Plaintiff, ) | |
| ) | Adv. No. 16 A _____ |
| v. ) | |
| ) | |
| Michael P. Chiras, ) | |
| ) | |
| Debtor. ) | |

**COMPLAINT**

A & B Auto Body Supply, Inc, through its attorneys, complains of Michael P. Chiras, the "Debtor" stating as follows:

**Parties & Jurisdiction**

1. Debtor is an individual residing in Washington, Tazewell County, Illinois.

2. On or about March 21, 2018, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of Illinois.

3. On May 2, 2018, the Debtor's duly-noticed meeting of creditors was held pursuant to § 341 of the Bankruptcy Code.

4. As of the date of this Complaint, the Debtor has not been granted a discharge.

5. This Complaint is timely.

6.    This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523 and 727.

7.    This is a core proceeding under 28 U.S.C. §§ 157(b) and § 1334.

### Facts common to all counts

8.    Because Debtor failed to make payments on a credit agreement with the Plaintiff, the Plaintiff filed a lawsuit in the Circuit Court of the Tenth Judicial Circuit, Tazewell County, Illinois.

9.    The Circuit Court Complaint was filed on October 10, 2014.

10.    On January 20, 2015, the Circuit Court entered judgment against Michael Chiras in the amount of $10,885.45.

11.    After entry of judgment Plaintiff served the Debtor with a Citation to Discover Assets on or about January 24, 2017.

12.    Upon information and belief, based on Debtor's representation during examination on the Citation, Debtor disposed of some portion of his assets through spending money and otherwise, during the pendency of that Citation to Discover Assets.

13.    In order to prevent his assets from remaining frozen, the Debtor wanted to enter into a Court ordered payment plan.

14.    On February 17, 2017, Debtor and Plaintiff jointly agreed to move for entry of an agreed order.

15.    As part of that motion, Debtor certified, under penalty of perjury, that he had sufficient means to make $500 per month payments.

16.    Upon information and belief, Debtor knew he could not make these payments.

17. Plaintiff would never have submitted the joint motion and agreed order, and would have proceeded with its citation, if Debtor did not falsely represent his ability to make payments.

18. Debtor repeatedly failed to abide the Circuit Court's Order concerning payments.

19. Because of Debtor's failure to abide the Court's order, Plaintiff had to repeatedly file and attend hearings for adjudication of indirect civil contempt.

20. The Circuit Court repeatedly sanctioned Debtor for his failure to comply with its Order.

21. On July 26, 2017, the Circuit Court found Debtor in contempt of Court and sanctioned him in the amount of $500.00.

22. On December 19, 2017, the Circuit Court found Debtor in contempt of Court and sanctioned him in the amount of $659.25.

23. On February 22, 2018, the Circuit Court found Debtor in contempt of Court and sanctioned him in the amount of $567.00.

24. Debtor never sought modification of the Order requiring him to make payments.

25. Debtor did not direct payments towards the sanctions amounts.

### Count I
### Objection to discharge
### (11 U.S.C. § 727(a)(2)(A))

26. Plaintiff incorporates all of the paragraphs alleged prior to Count I as if fully realleged here.

27. When Plaintiff served Debtor with a Citation to Discover Assets it instantaneously achieved a lien for the judgment balance on all of the Debtor's assets by operation of Illinois law.

28.   Debtor assets were frozen under Illinois law. The Citation to Discover Assets clearly announced as much.

29.   Debtor had adequate time to secure counsel to advise him on the consequences of a Citation to Discover Assets.

30.   As a matter of law, transferring assets in violation of the Citation to Discover Assets freeze constitutes grounds to deny a discharge under 11 U.S.C. § 727(a)(2)(A).

31.   Yet, Debtor did, upon information and belief, transfer, remove, and conceal his assets through transferring sums of money to others.

32.   In doing so, upon information and belief based on the violation of Illinois law, the later refusal to abide by Circuit Court orders, issuing checks without sufficient funds, and other dilatory tactics Debtor engaged in, Debtor intended to delay and hinder Plaintiff, impeding and obstructing its efforts to collect the judgment debt.

33.   Based on the foregoing allegations, Debtor engaged in an extensive pattern of conduct meant to impede and obstruct a creditor from collecting debts, and is skilled at avoiding paying his debts.

### Count II
### Objection to discharge
### (11 U.S.C. § 523(a)(6))

34.   Plaintiff incorporates all of the paragraphs alleged prior to Count I as if fully realleged here.

35.   As explained above, the Debtor failed to abide Orders issued by the Circuit Court.

36.   Accordingly, the Tazewell County Circuit Court found him in contempt.

37.   That finding was premised on a willful refusal to abide by a court's Order.

38.   Plaintiff was forced to seek an adjudication of indirect civil contempt.

39.   Thus, Debtor's contempt caused a direct injury to Plaintiff.

40. The sanctioned amounts represent a portion of attorneys' fees paid, or to be paid, by the Plaintiff in order to collect money owed by the Debtor.

41. As recently as November 2017, in an email to undersigned, Debtor acknowledged his actions were contemptuous and promised to comply with the Circuit Court's Order. He did not.

42. Given the finding of contempt, Debtor's behavior has already been adjudicated as willful.

43. Debtor's actions are also malicious in that they consist of a conscious disregard of his obligations under the Circuit Court's Order and otherwise.

44. Accordingly, the sanctioned amounts owed to the Plaintiff is non-dischargeable under § 523(a)(6) of the Bankruptcy Code.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order declaring that Debtor's debt owed to the Plaintiff is non-dischargeable and any other relief this Court deems just and proper.

Dated:    June 27, 2018

Respectfully submitted,
A & B Auto Body Supply, Inc., by

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Shay Phillips, Ltd.
230 Southwest Adams Street
Suite 310
Peoria, Illinois 61602
Tel:    (309) 494-6155
Fax:    (309) 494-6156
Email:  jphillips@shay-law.com